**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 23-7269**

MICHAEL ALONZA RUFUS,

        Petitioner - Appellant,

     v.

WARDEN, PETERSBURG LOW FEDERAL CORRECTIONAL INSTITUTION,

        Respondent - Appellee.

Appeal from the United States District Court for the District of South Carolina, at Greenville.  Donald C. Coggins, Jr., District Judge.  (6:23-cv-01690-DCC)

Submitted:  October 16, 2024               Decided:  October 23, 2024

Before WILKINSON, NIEMEYER, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Michael Alonza Rufus, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Alonza Rufus, a federal prisoner serving a revocation sentence, appeals the district court's order accepting the recommendation of the magistrate judge and dismissing his 28 U.S.C. § 2241 petition without prejudice.[*] We have reviewed the record and find no reversible error. Accordingly, we deny the motion to remand and affirm the district court's order. *See Rufus v. Warden*, No. 6:23-cv-01690-DCC (D.S.C. Oct. 27, 2023). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[*] On appeal, Rufus contends that the district court erred in construing his "Petition Pursuant Rule 52(a)(6)" as a notice of appeal. We find no error or abuse of discretion by the district court. *See Smith v. Barry*, 502 U.S. 244, 248 (1992) (explaining that "the notice afforded by a document, not the litigant's motivation in filing it, determines the document's sufficiency as a notice of appeal"); *Woody v. Nance*, 108 F.4th 232, 240 (4th Cir. 2024) (noting "[a] filing that is the 'functional equivalent' of a notice of appeal . . . can be construed as a notice of appeal"); *cf. Teva Pharm. USA, Inc. v. Sandoz, Inc.*, 574 U.S. 318, 324 (2015) ("Federal Rule of Civil Procedure 52(a)(6) states that a court of appeals 'must not . . . set aside' a district court's '[f]indings of fact' unless they are 'clearly erroneous.'").